UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEONTAE NELSON,

        Petitioner,

  v.

BILL COOL, WARDEN,
ROSS CORRECTIONAL
INSTITUTION,

        Respondent.

:

:

:

Case No. 2:24-cv-4301
Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, brought by Petitioner Keontae Nelson with the assistance of counsel. The Magistrate Judge has filed a Report and Recommendation recommending that the Petition be dismissed with prejudice and that Petitioner be denied a certificate of appealability. (R&R, ECF No. 19.) Petitioner has objected (Objs., ECF No. 20) and Respondent's time for responding to those Objections has expired.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

The Court has reviewed the Magistrate Judge's R&R, Petitioner's Objections, and those portions of the record implicated therein, *de novo*, and finds no error in the Magistrate Judge's conclusions or reasoning.

I.         **GROUND ONE: INSUFFICIENT EVIDENCE TO CONVICT**

In his first ground for relief, Petitioner claims he was convicted on constitutionally insufficient evidence. As set forth in the R&R, the governing standard for a claim of insufficient evidence is found in *Jackson v. Virginia*, 443 U.S. 307 (1979). Petitioner agrees. Yet he misstates the standard of review as "not whether an inference is available in the abstract, but whether *every* rational juror, on this record, could find the specific mental element beyond a reasonable doubt." (Objs., PAGEID# 2004 (emphasis added).) The standard, rather, is whether *any* rational juror could make that finding. *Jackson*, 443 U.S. at 319. Under the correct standard, the answer is undoubtedly yes.

The Objections also ignore the Court's required double deference—first to the jury that made the inference and then to the appellate court that affirmed that finding. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard. *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson* and then to the appellate court's consideration of that verdict, as commanded by the Antiterrorism and Effective Death Penalty Act. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525,

2

531 (6th Cir. 2011) (en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

The Objections assert that Petitioner should be granted a certificate of appealability because reasonable jurists could debate the appellate court's resolution of the *Jackson* issue. Not only does the Court disagree, but that assertion is based on speculation. The appellate decision was unanimous, and the Petitioner does not present a single case in which there has been debate among reasonable jurists on similar facts.

Petitioner's objections to the R&R's treatment of Ground One is **OVERRULED**.

## II.     GROUND TWO: CRUEL AND UNUSUAL PUNISHMENT

In his second ground for relief, Petitioner asserts that his sentence to life imprisonment without the possibility of parole amounts to cruel and unusual punishment in violation of the Ohio Constitution and the Eighth Amendment to the United States Constitution considering his age (20-years-old) and amenability to rehabilitation. The Court disagrees.

Petitioner presented both claims as a combined assignment of error on direct appeal which the Fourth Appellate District rejected. The R&R noted that this Court cannot review the decision on the Ohio Constitution. Petitioner does not contest that conclusion. He also requested an evidentiary hearing to present evidence on this claim. The R&R found an evidentiary hearing barred by *Cullen v. Pinholster,* 563 U.S. 170 (2011), and Petitioner likewise does not object to that conclusion.

As to his Eighth Amendment claim, the R&R found that Petitioner needed to

3

show that the Fourth Appellate District's decision was "an objectively unreasonable application of relevant Supreme Court precedent." 28 U.S.C. § 2254(d)(1). But he has failed to do so. Petitioner has not cited to any Supreme Court precedent that requires "individualized consideration of psychological evidence before imposing a sentence of life without parole on a twenty-year-old murderer." (R&R, PAGEID# 2000.)

> Petitioner disagrees. Instead, he asserts:
>
> the claim rests on the general proportionality framework that the Supreme Court has long articulated (and repeatedly applied in youth-related contexts): sentences must not be "grossly disproportionate" and youth bears on culpability and penological justifications. The state court's analysis treated adult vs. juvenile as rather dispositive and did not meaningfully engage comparative proportionality or the mitigating force of near-youth in imposing an irreducible life term.

(Objs., PAGEID# 2005–06). But to prevail in habeas corpus on an issue decided on the merits by a state court, a petitioner must show that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). Again, Petitioner's failure to cite any precedent for his position is dispositive here.

It is "clearly established" that the "gross disproportionality principle is applicable to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). In *Graham v. Florida,* 560 U.S. 48, 59–60 (2010), the Court explained the gross disproportionality principle:

4

The Court's cases addressing the proportionality of sentences fall within two general classifications. The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case. The second comprises cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty.

In the first classification the Court considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive. Under this approach, the Court has held unconstitutional a life without parole sentence for the defendant's seventh nonviolent felony, the crime of passing a worthless check. *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). In other cases, however, it has been difficult for the challenger to establish a lack of proportionality. A leading case is *Harmelin v. Michigan,* 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), in which the offender was sentenced under state law to life without parole for possessing a large quantity of cocaine. A closely divided Court upheld the sentence. The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id., at 997, 1000-1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (Kennedy J., concurring in part and concurring in judgment). Again closely divided, the Court rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme. *Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003); see also *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The Court has also upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses, *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), and a sentence of forty years for possession of marijuana with intent to distribute and distribution of marijuana, *Hutto v. Davis*, 454 U.S. 370, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam).

The controlling opinion in *Harmelin* explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense and the severity of the sentence. 501 U.S., at 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (opinion of Kennedy J.). "[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders

5

> in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Ibid.* If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual. *Ibid.*

*Graham*, 560 U.S. at 59–60.

While youth—understood as a legal minor—has been dispositive with respect to imposing the death penalty, the Supreme Court has never suggested that being "near youth" is a required consideration. Because the Supreme Court has not yet held that this must be taken into consideration, the Court declines to do so here. Petitioner further asserts that the state courts did not consider his amenability to rehabilitation. Again, no decision of the Supreme Court requires this factor to be considered, much less establishes any standard for proving such amenability.

Petitioner again requests a certificate of appealability because reasonable jurists "could debate the Eighth Amendment analysis." (Objs., PAGEID# 2007.) Because Petitioner has provided no support for his position, the Court disagrees.

Petitioner's objections to the R&R's treatment of Ground Two is **OVERRULED.**

### III. GROUND THREE: UNCONSTITUTIONAL ADMISSION OF CONSPIRACY-RELATED EVIDENCE

In his third ground for relief, Petitioner asserts the admission of conspiracy-related evidence at trial was unconstitutional because the Fourth Appellate District dismissed the conspiracy charge on appeal. The R&R recommended this claim be dismissed because it could have been raised on direct appeal but was not. The Court agrees.

Petitioner objects that the Fourth Appellate District made an alternative

6

merits decision on this question when it denied his claim of ineffective assistance of appellate counsel in his Application for Reopening under Ohio App. R. 26(B). But that does not address the procedural default on direct appeal on which the R&R relied. Petitioner does not deny that the evidence he argues should have been excluded was in the record on direct appeal. Nor does he deny that he could have raised this claim on direct appeal. Nor does he contest that Ohio law bars by *res judicata* later consideration of any claim which could have been raised on direct appeal but was not. *State v. Perry,* 226 N.E.2d 104 (Ohio 1967). Indeed, the Sixth Circuit has repeatedly held the *Perry* rule to be an adequate and independent procedural rule. *See, e.g.*, *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

Petitioner cites to his having raised this claim as an omitted assignment of error when he filed his 26(B) appeal. But asserting it was ineffective assistance of appellate counsel to omit a particular assignment of error is not an excuse for not presenting the error in the first place. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel argument, not underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012) ("permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion 'would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel.'") (citing *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001)). Of course, if the Fourth Appellate District had found

7

it was ineffective assistance of appellate counsel to omit this claim and had reopened the appeal, this claim would have been resurrected. But that did not happen.

Petitioner's objections to the R&R's treatment of Ground Three is **OVERRULED**.

## IV. EVIDENTIARY DEVELOPMENT

In a fourth objection, Petitioner asserts the Magistrate Judge's reading of *Cullen v. Pinholster* as barring evidentiary development in this case is at least debatable. The Court disagrees.

According to the Petitioner, "reasonable jurists could debate … whether the Eighth Amendment claim's disposition here—resting on a truncated proportionality analysis with no mitigation record—permits any development to determine whether the state court unreasonably applied the general standard." (Objs., PAGEID# 2008). But *Pinholster* "bars a federal court 'from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis.'" *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024) (quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020)). Petitioner has not suggested what additional evidence he would submit or cited any authority to suggest that *Pinholster* would not apply to that evidence.

Apart from *Pinholster*, Petitioner asserts that reasonable jurists could debate "whether, at the COA stage, the legal question of proportionality and the absence of individualized youth-based mitigation warrant appellate review regardless of evidentiary expansion." (Objs., PAGEID# 2008.) Yet again, he cites no authority to

8

suggest that reasonable jurists have debated such an issue on similar facts.

Petitioner's fourth objection is **OVERRULED**.

V.     **CERTIFICATE OF APPEALABILITY**

The requirement for a certificate of appealability in habeas corpus cases was enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"). As enacted, 28 U.S.C. §2253(c)(1) required a certificate of appealability to be issued by a "circuit justice or judge" and required a finding that the petitioner had "made a substantial showing of the denial of a constitutional right." The circuit courts quickly devolved initial consideration of such certificates to the district courts. *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997) (adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997)). The United States Supreme Court endorsed that devolution of authority by adopting Rule 11 of the Rules Governing Section 2254 Cases in 2009.

The Supreme Court has adopted a standard to apply to the decision on whether to issue or deny a certificate. When a district court has rejected a constitutional claim on the merits, a movant must show that jurists of reason would find the district court's assessment of the claim to be debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

9

*Cockrell*, 537 U.S. 322, 327 (2003).

As addressed above, Petitioner has provided no authority, for any of his objections, to suggest that reasonable jurists would disagree with the Court's conclusions. As such, Petitioner's request for a certificate of appealability is **DENIED**.

## VI. CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 19) and **OVERRULES** Petitioner's Objections (ECF No. 20). The Clerk will enter judgment dismissing with prejudice the Petition. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**